# EXHIBIT 1

Case 8:21-cv-01517-JLS-DFM Document 1-1 Filed 09/17/21 Page 2 of 30 Page ID #:11
Electronically Filed by Superior Court of California, County of Orange, 08/20/2021 03:03:30 PM.
30-2021-01217148-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
XPO LOGISTICS FREIGHT, INC., a corporation; and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MANUEL MAGALLON, an individual;

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Central Justice Center 700 W Civic Center Dr, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* 30-2021-01217148-CU-OE-CJC |
| --- | --- |

Judge Glenn Salter

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Brent Marlis; 3600 Wilshire Blvd., Suite 1815, Los Angeles CA 90010, 323-922-2000

| DATE: *(Fecha)* 08/20/2021 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by *(Secretario)* H. McMaster | , Deputy *(Adjunto)* |
| --- | --- | --- | --- |

Hailey McMaster

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Electronically Filed by Superior Court of California, County of Orange, 08/20/2021 03:03:30 PM.
30-2021-01217148-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-01644-DOC-ADS Document 1-1 Filed 10/06/21 Page 3 of 30 Page ID #:12

MARLIS PARK, P.C.
Brent P. Marlis SB# 284654
 E-Mail: brent@marlispark.com
Anona Su SB# 335059
 E-Mail: anona@marlispark.com
3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

Attorneys for Plaintiff,
MANUEL MAGALLON

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF ORANGE

Assigned for All Purposes
Judge Glenn Salter

| | |
|---|---|
| MANUEL MAGALLON, an individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>XPO LOGISTICS FREIGHT, INC., a corporation; and DOES 1 through 50,<br><br>    Defendants. | Case No.: 30-2021-01217148-CU-OE-CJC<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1)  AGE DISCRIMINATION IN VIOLATION OF THE FEHA<br>(2)  DISABILITY DISCRIMINATION IN VIOLATION OF THE FEHA<br>(3)  FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF THE FEHA<br>(4)  FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE FEHA<br>(5)  RETALIATION IN VIOLATION OF THE FEHA<br>(6)  FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, OR RETALIATION IN VIOLATION OF THE FEHA<br>(7)  WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY<br><br><u>DEMAND FOR JURY TRIAL</u> |

COMPLAINT FOR DAMAGES

1    Plaintiff MANUEL MAGALLON (hereinafter "MAGALLON" or "Plaintiff") for his

2    Complaint against Defendants XPO LOGISTICS FREIGHT, INC., a Corporation; and DOES 1

3    through 50 (collectively "Defendants") alleges as follows:

4                                          **PARTIES**

5    1.  Plaintiff MAGALLON is an individual residing in the State of California. Plaintiff

6        MAGALLON was an employee of Defendant XPO LOGISTICS FREIGHT, INC. at all

7        relevant times herein mentioned.

8    2.  On information and belief, Defendant XPO LOGISTICS FREIGHT, INC. is a Delaware

9        corporation organized and existing under the laws of the State of Delaware and Plaintiff's

10       employer at all relevant times herein mentioned.

11   3.  The true names and capacities, whether individual, corporate, associate or otherwise, of

12       Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants

13       by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and

14       capacities of each such Defendants, with appropriate charging allegations, when they are

15       ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants

16       designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff

17       and for damages proximately caused by the conduct of each such Defendants as herein alleged.

18   4.  Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants

19       engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the

20       conduct of its employees and/or agents, and are liable for the wrongful conduct of its

21       employees and/or agents as alleged herein.

22   5.  Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned

23       herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and

24       ownership existed such that the separate personalities each of defendant never existed or ceased

25       to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable

26       result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each

27       and every other defendant and vice versa.

28

6.  By way of this lawsuit, Plaintiff seeks to pierce the corporate veil and hold individual defendant liable for the acts of his alter ego. Individual defendant held and now holds substantial interest in corporate defendants and should therefore be deemed to be corporate defendants' alter ego. Corporate defendants were, and now still are, mere shells and naked frameworks which individual defendant used, and now uses, as a conduit for the conduct of his personal business and/or property affairs and/or obligor for the assumption of obligations and/or liabilities incapable of performance by said corporate and/or entity defendants, which are the obligations and liabilities of individual defendant.

7.  Plaintiff is informed and believes and thereon alleges that at all times material herein Defendant employed and continues to employ five (5) or more persons in California and is an employer covered by the Fair Employment and Housing Act ("FEHA") and the California Labor Code.

8.  Plaintiff has exhausted his administrative remedies. Plaintiff timely filed charges against Defendant with the California Department of Fair Employment and Housing on August 20, 2021 and received a "Right-to-Sue" notice.

## VENUE AND JURISDICTION

9.  This Court has jurisdiction over this matter because Defendants conduct business in, and have substantial contacts, within the State of California. Venue is proper in the County of Los Angeles because Plaintiff performed work for Defendants in the County of Los Angeles.

## FACTUAL ALLEGATIONS

10. MAGALLON is a 70-year-old male and started working for Conway Western Express thirty-one (31) years ago. Ten years ago, XPO LOGISTICS FREIGHT, INC. bought out Conway Western Express, and MAGALLON continued working at XPO LOGISTICS FREIGHT, INC. until he was unlawfully discharged on or around July 7, 2021.

11. MAGALLON was initially hired as a truck driver and worked as a truck driver for 28 years. Then, his position was switched to a forklift driver three (3) years ago.

12. In January 2021, a manager named "Mario Huerta" ("Mario") was assigned to MAGALLON's terminal.

13. On information and belief, Mario began to single MAGALLON out because of his age. On or

1    around April 2021, Mario started to push his employees to work overtime. Mario singled

2    MAGALLON out and gave MAGALLON more difficult tasks than his younger coworkers by

3    assigning him to unload heavier pallets.

4 14. MAGALLON complained to Mario multiple times that he was tired, but Mario responded

5      insincerely by saying MAGALLON should go to the clinic. Additionally, Mario told

6      MAGALLON that he could quit if he did not like his work. MAGALLON also complained to

7      another manager, Louis Arrevalo, about his work conditions and about Mario. After

8      MAGALLON complained, Mario eased up for about a week, but then he continued to push

9      MAGALLON by assigning him more physically demanding work.

10 15. On information and belief, Defendants had a strike system that tracked accidents in their

11      workplace. Only two incidents, such as work-related accidents, were allowed per year. With

12      each incident, employees would receive a "strike." After an incident, employees were required

13      to call the "Safety Department" and report the incident, and the "Safety Department" would

14      investigate the incident and issue a formal safety report to employees. At four strikes, the

15      Human Resources department sends the employee a formal written warning. Upon receiving

16      five to six strikes, an employee could be terminated.

17 16. In June 2021, MAGALLON received a COVID-19 vaccination. He reported to work, but

18      started to feel ill and asked if he could go home. MAGALLON's supervisor informed him that

19      he could go home, but said MAGALLON would receive one strike.

20 17. After recovering from the effects of the vaccination, MAGALLON asked his supervisor if he

21      could make up his shift for the day he left work because he felt ill. His supervisor told him that

22      if there is a spot on the "board," MAGALLON could make up for the shift that he missed. The

23      "board" contained employees' work schedules because Defendants only assigned three people

24      per shift. Upon seeing an empty spot on the board, MAGALLON filled out a form provided by

25      Defendants, so that he could work on the empty day.

26 18. However, the next day, Mario called MAGALLON into his office and told him that he was

27      receiving a strike because MAGALLON wanted to work on a day that was already filled by

28      three employees.

19. On or around June 22, 2021, MAGALLON injured his right shoulder and neck when a coworker attempted to quickly drive past MAGALLON's forklift and crashed into him while he was backing up his forklift. MAGALLON reported the accident to Mario and was sent to the clinic the following day.

20. On or around June 23, 2021, MAGALLON received X-rays and a doctor's note excusing him for missing work. MAGALLON delivered the doctor's notes to Louis Arrevalo on the same day.

21. On or around June 24, 2021, Louis Arrevalo suspended MAGALLON for receiving two strikes within one year. MAGALLON recalls receiving one strike on or around April 2021 from a work-related incident. However, he never received a safety report from the Safety Department or a written warning from the Human Resources department.

22. Since his suspension, MAGALLON had tried to contact Defendants multiple times by phone to see if he could return to work. Then, on or around July 7, 2021, Louis Arrevalo called MAGALLON and informed him that he was terminated.

23. MAGALLON dedicated decades of his life to Defendants and performed his job well. He only started receiving negative strikes in his advanced age and after a workplace injury.

24. Defendants did not engage MAGALLON in a timely interactive process to determine whether reasonable accommodations could be made. Defendants instead terminated MAGALLON's employment because of his disability, perceived disability, taking time of to recuperate from injury and/or his age.

### **FIRST CAUSE OF ACTION**

### **AGE DISCRIMINATION**

### **[Govt. Code § 12940(a), et seq.]**

### **(Against All Defendants)**

25. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

26. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, et seq., was in full force and effect and binding on Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis of age.

27. Defendant discriminated against Plaintiff on-the-basis of his age by terminating his employment. Defendants intentionally gave Plaintiff more arduous tasks in an attempt to terminate him. Moreover, Defendants suspended then terminated Plaintiff without providing any written warnings.

28. Defendants' conduct, as alleged, violated the FEHA, Government Code section 12940(a), *et seq.*, and Defendants committed unlawful employment practices, including by the following, separate bases for liability:

    a.  Barring, discharging, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part on the basis of Plaintiff's age, in violation of Government Code section 12940(a);

    b.  Failing to take all reasonable steps to prevent discrimination, harassment, and retaliation based on disability in violation of Government Code section 12940(k)

29. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

30. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

31. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

## SECOND CAUSE OF ACTION

### DISABILITY DISCRIMINATION

**[Govt. Code § 12940(a), et seq.]**

**(Against All Defendants)**

32. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

- 6 -

33. At all times herein mentioned, the Fair Employment and Housing Act ("FEHA"), Government Code § 12940, et seq., was in full force and effect and binding on Defendants. These statutes make it unlawful to discriminate against an employee on-the-basis of a disability.

34. Defendants discriminated against Plaintiff on-the-basis of Plaintiff's disability by terminating his employment while he was disabled. Defendants were aware that Plaintiff had just injured his neck and shoulder from a forklift related accident. Defendants were aware of his disability yet did nothing to accommodate him. Instead, Defendants terminated Plaintiff.

35. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

36. As a proximate result of Defendants' willful, knowing and intentional discrimination of Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

37. Plaintiff is informed and believes and thereon alleges that Defendants' actions were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing agents and/or ratified by Defendants. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial as well as attorneys' fees.

### THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA

### [Govt. Code § 12940(m)]

### (Against All Defendants)

38. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

39. Under the FEHA, Defendants are required to engage in a timely, good faith, interactive process with an employee it believes has a disability or who, in fact, has a disability, to determine if that employee needs reasonable accommodations to perform the job.

40. By engaging in the course of conduct as alleged above, Defendants failed to provide Plaintiff with reasonable accommodations and it failed to engage in a timely, good faith, interactive

COMPLAINT FOR DAMAGES

process with Plaintiff to determine effective reasonable accommodations to the extent he needed them in violation of the applicable provisions of Government Code §§ 12940, *et seq*.

41. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits.

42. As a proximate result of Defendants' willful, knowing and intentional discrimination against Plaintiff, as a result of Defendants' failure to reasonably accommodate Plaintiff's disabilities, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof. Plaintiff is further entitled to recover attorneys' fees pursuant to the provisions of Government Code §§ 12940, *et seq*.

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

**[California Government Code § 12940(n)]**

**(Against All Defendants)**

43. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

44. As described herein, Defendants failed to engage in a good-faith interactive process with Plaintiff to determine wither it would be possible to implement effective reasonable accommodations.

45. As a proximate result of Defendant's failure to engage in a good-faith interactive process, Plaintiff has sustained and continues to sustain substantial losses in earnings and other benefits. Plaintiff has further suffered and continues to suffer humiliation, emotional distress, and physical and mental pain and anguish, all to his damage in a sum according to proof.

46. Plaintiff is further entitled to recovery attorneys' fees pursuant to the provision of Government Code § 12940, et seq.

**FIFTH CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF THE FEHA**

**[California Government Code §12940]**

**(Against All Defendants)**

47. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

48. At all times herein mentioned, Cal. Gov. Code § 12940, et seq. ("the FEHA") was in full force and effect and binding on Defendants. Accordingly, Defendants were required to refrain from retaliating against Plaintiff for engaging in activities protected under the FEHA, including but not limited to, taking a medical leave, requesting medical leave and/or complaining about harassment.

49. Defendant's conduct described above is in violation of various statutes of this state, including but not limited to, California Government Code § 12940(m). Plaintiff engaged in protected activities and was subsequently terminated for doing so.

50. As a direct and legal result of Defendant's retaliation against Plaintiff, Plaintiff has suffered and continues to suffer general, consequential, and special damages, including but not limited to, substantial losses in earnings, other employment benefits, physical injuries, physical sickness, as well as emotional distress, plus medical expenses, future medical expenses, and attorneys' fees, in an amount according to proof.

51. The retaliation described herein was wrongful and justifies the imposition of punitive damages since the retaliation was against public policy. Defendants committed the acts herein maliciously, fraudulently and oppressively, with an evil intent and sinister plans with the wrongful intention of injuring Plaintiff, and/or in conscious disregard of Plaintiff's rights by retaliating against Plaintiff after he sustained injuries at work. Moreover, Plaintiff is informed and believes and thereon alleges that Defendants had in place policies and procedures that specifically required Defendants' managers, officers, and agents, to prevent retaliation against employees for exercising their rights under the FEHA. Defendants' managers, officers and/or agents were aware of Defendants' policies and procedures requiring Defendants' managers, officers and agents to prevent retaliation against and upon employees of Defendant for

exercising their rights under FEHA. However, Defendants' managers, officers, and/or agents, chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Plaintiff should therefore be awarded exemplary punitive damages against Defendants in an amount to be established that is appropriate to punish Defendants and deter others from engaging in such conduct. Based on the foregoing, Plaintiff is entitled to recover punitive damages from Defendants in an amount according to proof.

### SIXTH CAUSE OF ACTION

**FAILURE TO PREVENT HARASSMENT, DISCRIMINATION OR RETALIATION**

**[California Government Code § 12940(k)]**

**(Against All Defendants)**

52. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

53. The FEHA requires employers to take all reasonable steps to prevent harassment, retaliation and discrimination including the institution by employer of policies, procedures and practices that include prompt and effective remedial procedures, and appropriate training, monitoring and disciplinary measures.

54. Defendants' policies, procedures and practices were inadequate for preventing, monitoring and remediation of harassment and retaliation. To the extent any such policies, procedures and practices existed, employees, including supervisors, were insufficiently trained or made aware of those policies and procedures for the policies and procedures to prevent retaliation and discrimination from occurring. Once Defendants were made aware of harassing conduct as reported by Plaintiff, they failed to take appropriate measures to prevent further harassment and retaliation.

55. As a direct, foreseeable, and proximate result of Defendants conduct, Plaintiff has suffered lost income, employment career opportunities, and has suffered and continues to suffer other economic loss, the precise amount of which will be proven at trial.

1    56. As a direct foreseeable and proximate result of Defendants conduct, Plaintiff has suffered

2        emotional distress, the precise amount of which will be proven at trial.

3    57. The conduct which Plaintiff complains of in this Complaint was carried out by Defendants

4        willfully, intentionally, and with oppression, malice and fraud and was carried out with

5        conscious disregard of Plaintiff's rights. Plaintiff is entitled to an award of punitive damages

6        according to proof. Under the FEHA, Plaintiff is entitled to an award of reasonable attorneys'

7        fees and costs.

8                            **SEVENTH CAUSE OF ACTION**

9              **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

10                            **(Against All Defendants)**

11   58. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

12   59. As described herein, Plaintiff's employment was terminated in violation of the fundamental

13       public policies of the State of California including those set out in the California Fair

14       Employment and Housing Act and the California Constitution. Specifically, Plaintiff's

15       employment was terminated in violation of the FEHA as described above and in violation of

16       the public policy set forth in Government Code section 12950.1.

17   60. As a direct and foreseeable result of the aforesaid acts of Defendants, Plaintiff lost and will

18       continue to lose income and other benefits in an amount to be proven at trial. Plaintiff seeks

19       back pay, front pay, and all other appropriate remedies. Plaintiff also incurred attorneys' fees

20       and thereby claims such amount as damages, together with pre-judgment interest.

21   61. Because the acts taken toward Plaintiff by Defendant were deliberate, malicious and undertaken

22       to injure Plaintiff, Plaintiff requests an assessment of punitive damages in an amount to be

23       proven at trial.

24                            **PRAYER FOR RELIEF**

25           WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

26   (a) For general, special, compensatory damages;

27   (b) For reasonable attorneys' fees;

28   (c) For pre-judgment and post-judgment interest at the maximum legal rate;

COMPLAINT FOR DAMAGES

1   (d) For costs of suit incurred;

2   (e) For such other and further relief as the Court deems just and proper.

3

4

5   DATED: August 20, 2021                    MARLIS PARK, P.C.

6

7

8   By: _____

9                                               Brent P. Marlis
                                                Anona Su
10                                              Attorneys for Plaintiff,
                                                MANUEL MAGALLON
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency            GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 20, 2021

Young Park
,

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 202108-14526920
       Right to Sue: Magallon / XPO LOGISTICS FREIGHT, INC.

Dear Young Park:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 20, 2021

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 202108-14526920
        Right to Sue: Magallon / XPO LOGISTICS FREIGHT, INC.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                              GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

August 20, 2021

Manuel Magallon
880 Apollo Street, Suite 336
El Segundo, California 90245

RE:   **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 202108-14526920
       Right to Sue: Magallon / XPO LOGISTICS FREIGHT, INC.

Dear Manuel Magallon:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective August 20, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Manuel Magallon                                                      DFEH No. 202108-14526920

                                        Complainant,

vs.

 XPO LOGISTICS FREIGHT, INC.
,

                                        Respondents

---

**1.** Respondent **XPO LOGISTICS FREIGHT, INC.**  is an **employer XPO LOGISTICS FREIGHT, INC.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Manuel Magallon**, resides in the City of **El Segundo,** State of **California.**

**3**. Complainant alleges that on or about **July 7, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, denied reasonable accommodation for a disability.

**Additional Complaint Details:** 10.   MAGALLON is a 70-year-old male and started working for Conway Western Express thirty-one (31) years ago. Ten years ago, XPO LOGISTICS FREIGHT, INC. bought out Conway Western Express, and MAGALLON continued working at XPO LOGISTICS FREIGHT, INC. until he was unlawfully discharged on or around July 7, 2021.

-1-
*Complaint – DFEH No. 202108-14526920*

Date Filed: August 20, 2021

11.     MAGALLON was initially hired as a truck driver and worked as a truck driver for 28 years. Then, his position was switched to a forklift driver three (3) years ago.

12.     In January 2021, a manager named "Mario Huerta" ("Mario") was assigned to MAGALLON's terminal.

13.     On information and belief, Mario began to single MAGALLON out because of his age. On or around April 2021, Mario started to push his employees to work overtime. Mario singled MAGALLON out and gave MAGALLON more difficult tasks than his younger coworkers by assigning him to unload heavier pallets.

14.     MAGALLON complained to Mario multiple times that he was tired, but Mario responded insincerely by saying MAGALLON should go to the clinic. Additionally, Mario told MAGALLON that he could quit if he did not like his work. MAGALLON also complained to another manager, Louis Arrevalo, about his work conditions and about Mario. After MAGALLON complained, Mario eased up for about a week, but then he continued to push MAGALLON by assigning him more physically demanding work.

15.     On information and belief, Defendants had a strike system that tracked accidents in their workplace. Only two incidents, such as work-related accidents, were allowed per year. With each incident, employees would receive a "strike." After an incident, employees were required to call the "Safety Department" and report the incident, and the "Safety Department" would investigate the incident and issue a formal safety report to employees. At four strikes, the Human Resources department sends the employee a formal written warning. Upon receiving five to six strikes, an employee could be terminated.

16.     In June 2021, MAGALLON received a COVID-19 vaccination. He reported to work, but started to feel ill and asked if he could go home. MAGALLON's supervisor informed him that he could go home, but said MAGALLON would receive one strike.

17.     After recovering from the effects of the vaccination, MAGALLON asked his supervisor if he could make up his shift for the day he left work because he felt ill. His supervisor told him that if there is a spot on the "board," MAGALLON could make up for the shift that he missed. The "board" contained employees' work schedules because Defendants only assigned three people per shift. Upon seeing an empty spot on the board, MAGALLON filled out a form provided by Defendants, so that he could work on the empty day.

18.     However, the next day, Mario called MAGALLON into his office and told him that he was receiving a strike because MAGALLON wanted to work on a day that was already filled by three employees.

19.     On or around June 22, 2021, MAGALLON injured his right shoulder and neck when a coworker attempted to quickly drive past MAGALLON's forklift and crashed into him while he was backing up his forklift. MAGALLON reported the accident to Mario and was sent to the clinic the following day.

20.     On or around June 23, 2021, MAGALLON received X-rays and a doctor's note excusing him for missing work. MAGALLON delivered the doctor's notes to Louis Arrevalo on the same day.

21.     On or around June 24, 2021, Louis Arrevalo suspended MAGALLON for receiving two strikes within one year. MAGALLON recalls receiving one strike on or around April 2021 from a work-related incident. However, he never received a safety report from the Safety Department or a written warning from the Human Resources department.

Date Filed: August 20, 2021

22.     Since his suspension, MAGALLON had tried to contact Defendants multiple times by phone to see if he could return to work. Then, on or around July 7, 2021, Louis Arrevalo called MAGALLON and informed him that he was terminated.

23.     MAGALLON dedicated decades of his life to Defendants and performed his job well. He only started receiving negative strikes in his advanced age and after a workplace injury.

24.     Defendants did not engage MAGALLON in a timely interactive process to determine whether reasonable accommodations could be made. Defendants instead terminated MAGALLON's employment because of his disability, perceived disability, taking time of to recuperate from injury and/or his age.

-3-
*Complaint – DFEH No. 202108-14526920*

Date Filed: August 20, 2021

VERIFICATION

I, **Young Kook Park**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On August 20, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Los Angeles, CA**

-4-
*Complaint – DFEH No. 202108-14526920*

Date Filed: August 20, 2021

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Brent Marlis SB#284654; Young Park SB#287589<br>3600 Wilshire Blvd., Suite 1815<br>Los Angeles, CA 90010<br><br>TELEPHONE NO.: 323-922-2000　　FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF MANUEL MAGALLON | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 W CIVIC CENTER DR
MAILING ADDRESS: 700 W CIVIC CENTER DR
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
MANUEL MAGALLON v. XPO LOGISTICS FREIGHT, INC.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2021-01217148-CU-OE-CJC<br><br>JUDGE:<br>DEPT.: Judge Glenn Salter |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify)*: 7
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 20, 2021

Brent Marlis, Esq.
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Brent Marlis, 284654<br>MARLIS PARK, P.C.<br>3600 Wilshire Blvd, Suite 1815, Suite 1815<br>Los Angeles, CA 90010<br>TELEPHONE NO.: 323-922-2000<br>ATTORNEY FOR (Name): Plaintiff | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Orange County
1275 N. Berkeley Street
Fullerton, CA 92838-0500

| PLAINTIFF/PETITIONER: Manuel Magallon | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: XPO Logistics Freight, Inc., et al. | 30-2021-01217148-CU-OE-CJC |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action. **BY FAX**
2. I served copies of:

Summons, Complaint, Civil Case Cover Sheet

3. a. Party served: XPO LOGISTICS FREIGHT, INC.

   b. Person Served: Registered Agent Solutions, Inc. - Kate Hidalgo - Person Authorized to Accept Service of Process

4. Address where the party was served: 1220 S St, Ste 150
5. I served the party            Sacramento, CA 95811
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 09/03/2021          (2) at (time): 2:49PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   XPO LOGISTICS FREIGHT, INC.
   under: CCP 416.10 (corporation)
7. **Person who served papers**
   a. Name:      Brandon Lee Ortiz
   b. Address:   One Legal - P-000618-Sonoma
                 1400 North McDowell Blvd, Ste 300
                 Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 117.00
   e I am:
       (3) registered California process server.
             (i)  Employee or independent contractor.
             (ii) Registration No.: 2012-37
             (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 09/07/2021

Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)                                    (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California POS-010
(Rev. Jan 1, 2007)                    **PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 16857893

1

MARLIS PARK, P.C.
Brent P. Marlis, Esq., SB# 284654
 E-Mail: brent@marlispark.com

2

3

3600 Wilshire Boulevard, Suite 1815
Los Angeles, CA 90010
Tel: 323-922-2000
Fax: 323-922-2000

4

5

6

Attorney for Plaintiff,
MANUEL MAGALLON

7

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**FOR THE COUNTY OF ORANGE**

10

11

MANUEL MAGALLON, an individual;

12

     Plaintiff,

13

     vs.

14

15

XPO LOGISTICS FREIGHT, INC., a
corporation; and DOES 1 through 50,

16

     Defendants.

17

18

19

Case No.: 30-2021-01217148-CU-OE-CJC

**NOTICE OF CASE MANAGEMENT
CONFERENCE**

**DATE:  January 27, 2022
TIME:  8:30 AM
DEPT:  N06**

Judge:   Hon. Judge Glenn Salter
Dept:     N06
Action Filed:  August 20, 2021
Trial Date:  Not Set

20

     PLEASE TAKE NOTICE that the Court has set the Case Management Conference for

21

January 27, 2022, at 8:30 a.m. in Department N06 at the above-referenced Court, located at 1275

22

North Berkeley Avenue, Fullerton, California 92838. Attached to this Notice is a copy of the

23

Court's "Notice of Case Management Conference."

24

25

26

27

28

NOTICE OF CASE MANAGEMENT CONFERENCE

1  DATED: October 4, 2021                    MARLIS PARK, P.C.

2

3
                                             By: _____
4                                                Brent P. Marlis, Esq.,
                                                 Attorney for Plaintiff,
5                                                MANUEL MAGALLON

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS:  1275 N. Berkeley Ave<br>MAILING ADDRESS:  1275 N. Berkeley Ave<br>CITY AND ZIP CODE: Fullerton  92838<br>BRANCH NAME:  North Justice Center | **FOR COURT USE ONLY**<br>**FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF: Manuel Magallon | |
| DEFENDANT: XPO Logistics Freight, Inc. | **Aug 23, 2021** |
| Short Title: MAGALLON VS. XPO LOGISTICS FREIGHT, INC. | Clerk of the Court<br>By: **Hailey McMaster**, Deputy |
| **NOTICE OF HEARING<br>CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>30-2021-01217148-CU-OE-CJC |

Please take notice that a(n), <u>Case Management Conference</u> has been scheduled for hearing on <u>01/27/2022</u> at  <u>08:30:00 AM</u> in Department <u>N06</u> of this court, located at <u>North Justice Center</u>.

**Plaintiff(s)/Petitioner(s) to provide notice to all defendant(s)/respondent(s). Parties who file pleadings that add new parties to the proceeding must provide notice of the Case Management Conference to the newly added parties.**

**IMPORTANT:** Prior to your hearing date, please check the Court's website for the most current instructions regarding how to appear for your hearing and access services that are available to answer your questions.
Civil Matters - https://www.occourts.org/media-relations/civil.html
Probate/Mental Health - https://www.occourts.org/media-relations/probate-mental-health.html

**IMPORTANTE:** Antes de la fecha de su audiencia, visite el sitio web de la Corte para saber cuáles son las instrucciones más actuales para participar en la audiencia y tener acceso a los servicios disponibles para responder a sus preguntas.
Casos Civiles - https://www.occourts.org/media-relations/civil.html
Casos de Probate y Salud Mental - https://www.occourts.org/media-relations/probate-mental-health.html

**QUAN TRONG:** Trước ngày phiên tòa của quý vị, vui lòng kiểm tra trang mạng của tòa án để biết những hướng dẫn mới nhất về cách ra hầu phiên tòa của quý vị và tiếp cận những dịch vụ hiện có để giải đáp những thắc mắc của quý vị.
Vấn Đề Dân Sự - https://www.occourts.org/media-relations/civil.html
Thủ Tục Di Chúc/Sức Khỏe Tinh Thần - https://www.occourts.org/media-relations/probate-mental-health.html

Clerk of the Court,  By: _H. McMaster_____, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

North Justice Center
1275 N. Berkeley Ave
Fullerton  92838

**SHORT TITLE:** MAGALLON VS. XPO LOGISTICS FREIGHT, INC.

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER:<br>**30-2021-01217148-CU-OE-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above <u>Notice of Hearing</u> has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at <u>Fullerton</u> , <u>California</u>, on <u>08/23/2021</u>. Following standard court practice the mailing will occur at <u>Sacramento</u>, <u>California</u> on <u>08/24/2021</u>.

Clerk of the Court, by: _H. McMaster_ _____ , Deputy

MARLIS PARK, P.C.
3600 WILSHIRE BOULEVARD # 1815
LOS ANGELES, CA 90010

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

**V3 1013a (June 2004)**

Code of Civil Procedure , § CCP1013(a)

**PROOF OF SERVICE**
**MAGALLON v. XPO LOGISTICS FREIGHT, INC.**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 3600 Wilshire Blvd., Suite 1815, Los Angeles, CA 90010.

On October 4, 2021, I served the foregoing document described as:

**NOTICE OF CASE MANAGEMENT CONFERENCE**

[ ] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail in the State of California addressed as set forth below:

[ ] by placing a true copy thereof enclosed in a sealed envelope addressed as stated on the attached mailing list.

[x] by electronically serving the document(s) listed above to:
mburns@seyfarth.com
jhadacek@seyfarth.com
kacutler@seyfarth.com

[ ] by having copies **personally delivered to the designed party(ies)**

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[x] (State) I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct.

[ ] (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

Executed on October 4, 2021, at Los Angeles, California.

*Melissa Ambario*
Melissa Ambario

MAILING LIST
Attorneys for XPO LOGISTICS FREIGHT, INC.

1. Michael Burns
   Joseph Hadacek
   SEYFARTH SHAW LLP
   601 South Figueroa Street, Ste 3300
   Los Angeles, CA 90017